UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX,

        Plaintiff,

 -against-             6:15-cv-0616 (LEK/ATB)

EDNA P. HOBBIE, *et al.*,

        Defendants.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

*Pro se* Plaintiff Javell Fox ("Plaintiff") commenced the present action against Defendants Edna P. Hobbie ("Hobbie"), Anne Lamont ("Lamont"), Sergeant Harris ("Harris"), Lieutenant Zurek ("Zurek"), Chief Liddy ("Liddy"), and the Oneida County Jail (the "Jail") (collectively "Defendants") in Oneida County Supreme Court pursuant to 42 U.S.C. § 1983. Dkt. No. 2 ("Complaint"). Defendants removed the case to the Northern District on May 20, 2015. Dkt. No. 1 ("Notice of Removal"). Presently before the Court is Defendants' unopposed Motion to dismiss. Dkt. Nos. 5 ("Motion"); 5-3 ("Memorandum"). For the following reasons, the Motion is granted in part and denied in part.

## II. BACKGROUND[1]

Plaintiff is currently incarcerated pursuant to a 2012 conviction. Compl. ¶¶ 1, 3.[2] Plaintiff claims that during the pendency of his criminal proceedings, he was denied access to his legal papers. Id. ¶ 2. He notes that Lamont informed him on February 23, 2012 that he could not have his legal work as Hobbie was not present. Id. Furthermore, his legal papers were subject to review by Harris, who was working pursuant to regulations from Zurek and Liddy. Id. Plaintiff cites restrictions to "one case . . . per day" as well as blanket review of all papers, claiming that it took thirty days to get a notary and two weeks to receive legal materials. Id. Plaintiff also broadly states that "there is no physical access to the law library" and alleges incompetence on the part of the clerks. Id. ¶ 3.

Plaintiff commenced the instant action on March 9, 2015 in Oneida County Supreme Court, alleging a deprivation of his constitutional right of access to the courts. Notice Removal ¶ 1;

---

[1] Because this case is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[ ] all reasonable inferences in her favor"). Furthermore, as Plaintiff is proceeding *pro se*, the Complaint "must be construed liberally and interpreted to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

[2] Neither party has pleaded the underlying facts of Plaintiff's conviction, so the Court will take judicial notice of Plaintiff's records on the Department of Corrections and Community Supervision ("DOCCS") website, where Plaintiff's current term of confinement is listed under DIN 12B1626. See Inmate Information, N.Y. Dep't of Corr. & Community Supervision, http://nysdoccslookup.doccs.ny.gov (last visited Mar. 15, 2016). It appears that Plaintiff was returned from parole and convicted of criminal possession of a controlled substance in the third degree and in the fourth degree. Id. Plaintiff has been housed in the state system since June 1, 2012, eleven days after the sentencing date pleaded in his Complaint. Id.

Compl. at 6.[3] Defendants then removed the case to the Northern District based on its federal question jurisdiction on May 20, 2015. Notice Removal ¶ 4. Defendants filed a Motion to dismiss on May 25, 2015. Mot. Defendants state that Plaintiff's representation by a public defender renders Plaintiff's claim noncognizable. Mem. at 7-8.[4] Defendants also note that personal involvement has not been sufficiently pleaded on the part of any named defendant and that liability on the part of the Oneida County Jail is subject to Monell v. Department of Social Services, 436 U.S. 658 (1978), which Plaintiff has not addressed. Id. at 9-10.

## III. DISCUSSION

### A. Representation by Appointed Counsel

Prisoners "have a constitutional right of access to the courts." Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). This right, however, is not "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "The point is to provide prisoners with the tools" to present their claims to the courts. Bourdon, 386 F.3d at 93. Defendants, to show that Plaintiff was not denied access to the courts, argue that Plaintiff was represented by counsel at all relevant times during this proceeding. Mem. at 7-8. "[T]he appointment of counsel can be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts in conformity with the [Constitution]." Id. Plaintiff does not plead the existence or absence of appointed counsel in his Complaint.

---

[3] For all citations to sections of the Complaint that are not in paragraph form, the Court uses the pagination assigned by the Electronic Court Filing ("ECF") system.

[4] The Court uses the pagination assigned by the Electronic Court Filing ("ECF") system.

3

In support of their claim that Plaintiff was represented by counsel at all times, Defendants attach a complaint filed by Plaintiff against his public defender in support of the fact that Plaintiff was represented by counsel. Dkt. No. 5-2 ("Zennamo Complaint"). However, before the Court relies on the allegations in the Zennamo Complaint, it must determine how this Exhibit can be considered for purposes of the Motion to dismiss.

"[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, if documents are either (1) attached to the complaint or (2) incorporated by reference into the complaint, they may be considered. Id.; see also ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Additionally, "a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*" may be considered by the court in ruling on such a motion." Roth, 489 F.3d at 509 (alteration in original) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)). If public records are integral to a complaint, "the court, in considering a Rule 12(b)(6) motion, is permitted to take judicial notice of those records." Id. Exhibits offered by a defendant are not considered on a motion to dismiss if they do not fit within one of these categories. Leonard F. v. Isr. Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999).

Here, the Zennamo Complaint is neither attached to the Complaint nor incorporated by reference, as it is an Exhibit offered and first mentioned by Defendants. Plaintiff also cannot have solely relied on the Zennamo Complaint in his current Complaint, as the claims in the Zennamo Complaint are not at issue in the instant action. Therefore, the only potential rationale under which the Zennamo Complaint can be considered is through judicial notice.

Judicial notice is appropriate for "a document filed in another court not for the truth of the

4

matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)). The Second Circuit has clearly established that judicial notice of documents is taken "in order 'to determine *what* statements [they] contained"—but "*again not for the truth of the matters asserted*." Roth, 489 F.3d at 509 (alteration in original) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991)). Defendants' claim that Plaintiff was represented by counsel is an allegation contained in the Zennamo Complaint. Zennamo Compl. ¶¶ 2-3. As a result, while the Court can take judicial notice of the Zennamo Complaint, it cannot use the Zennamo Complaint to establish that Plaintiff was represented by counsel at the motion to dismiss stage. Defendants' arguments also merely state that Plaintiff was represented "at all times" by a public defender. Given that inferences are to be drawn in favor of a plaintiff at the motion to dismiss stage, and that the Zennamo Complaint does not allege a period of time during which Plaintiff was represented, this blanket statement could not be taken as true even if the Zennamo Complaint were to be considered. The Court therefore declines to dismiss on this ground.

### B. Monell Claim Against Oneida County Jail

It is well established that in order to hold a municipality liable under § 1983, the alleged injury must be the result of an official policy, custom, or practice. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013). "Isolated acts of municipal employees are typically not sufficient to establish municipal liability." Wright v. City of Syracuse, No. 10-CV-0661, 2014 WL 1293527, at *15 (N.D.N.Y. Mar. 31, 2014). A series of acts must be "sufficiently widespread and persistent to support a finding that they constituted a custom,

policy, or usage of which supervisory authorities must have been aware." Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012). "[T]he mere assertion of the existence of policy is not enough." Scalpi v. Town of E. Fishkill, No. 14-CV-2126, 2016 WL 858916, at *6 (S.D.N.Y. Feb. 29, 2016). Plaintiff's Complaint, liberally construed, alleges discrete acts regarding the delay of his legal papers and broadly notes that the clerks available to assist with legal research were incompetent. Compl. ¶¶ 2-3. Therefore, Plaintiff has not alleged sufficient facts under Monell to survive Defendants' Motion to dismiss. Defendants' Motion to dismiss, insofar as it seeks to dismiss claims against the Jail, is granted.

### C. Personal Involvement

Defendants claim that Plaintiff has not pled sufficient facts to show that deliberate acts were taken by any Defendants to deny Plaintiff his right of access to the courts. Mem. at 9. "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Gee v. Fischer, No. 09-CV-1057, 2011 WL 4965297, at *10 (N.D.N.Y. Sept. 21, 2011) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)); adopted, 2011 WL 4965038 (Oct. 19, 2011). "Plaintiffs must allege actual interference with their access to the courts or prejudice of an existing action." Bartley v. Artuz, No. 95 Civ. 10161, 1999 WL 942425, at *9 (S.D.N.Y. Oct. 19, 1999). While Plaintiff's Complaint does "specify the role" of some Defendants in the alleged violation, Taylor v. Santana, No. 05 Civ. 1860, 2007 WL 737485, at *7 (S.D.N.Y. 2007), the only deliberate acts which could be inferred from the Complaint are that Lamont informed Plaintiff that his legal work was subject to review and, under a liberal reading, that Harris reviewed the legal work, which resulted in Plaintiff's inability to prepare for his legal defense. The Court finds that Lamont informing Plaintiff about the delay in his legal papers is not sufficient to

show that Lamont was personally involved in denying Plaintiff access to the courts. However, without addressing the overall sufficiency of the allegation against Harris, which is not raised by Defendants here, Plaintiff's allegation that Harris was holding Plaintiff's legal papers is sufficient to constitute personal involvement in an alleged deprivation of Plaintiff's constitutional rights.

With respect to the remaining defendants, Plaintiff does not plead that they were personally involved in any way. Therefore, they can only be found to be personally involved under the supervisory liability framework outlined in Colon v. Coughlin:

> The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

58 F.3d 865, 873. Plaintiff has not provided any facts showing the remaining Defendants were direct participants. He has also not pleaded either actual knowledge, deliberate indifference, or gross negligence on the part of any named Defendant or that the restrictions approved by Zurek and Liddy led to unconstitutional practices. As a result, Plaintiff has failed to state a claim against all Defendants other than Harris.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion (Dkt. No. 5) to dismiss is **GRANTED in part**, as to the dismissal of Plaintiff's claims against Defendants Hobbie, Lamont, Zurek, Liddy, and the

Oneida County Jail; and **DENIED in part**, as to Plaintiff's claim against Harris; and it is further

**ORDERED**, that the Clerk terminate Edna P. Hobbie, Anne Lamont, Lt. Zurek, Chief Liddy, and the Oneida County Jail are terminated as Defendants in this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 18, 2016
               Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge