UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

JAVELL FOX,

                        Plaintiff,

    -against-                                    6:15-CV-0616 (LEK/ATB)

SGT. HARRIS,

                        Defendant.

## **MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Javell Fox commenced the present action in Oneida County Supreme Court under 42 U.S.C. § 1983, alleging violations of his right of access to the courts. Dkt. No. 2 ("Complaint"). The case was removed to the Northern District of New York on May 20, 2015. Dkt. No. 1 ("Notice of Removal"). Presently before the Court is defendant Sergeant Deborah Harris's motion for summary judgment. Dkt. No. 29 ("Motion"); <u>see also</u> Dkt. Nos. 29-27 ("Memorandum"), 29-26 ("Harris Statement of Material Facts"). Fox filed a response, Dkt. No. 34-1 ("Response"); <u>see also</u> Dkt. No. 34-2 ("Fox Statement of Material Facts"), and Harris filed a reply, Dkt. No. 37 ("Reply"). For the following reasons, the Motion is granted.

**II.    BACKGROUND**

    **A.  Factual Background**

On October 27, 2011, Fox was charged in the County Court of Oneida County, New York, with third- and fourth-degree criminal possession of a controlled substance, resisting arrest, and second-degree harassment. Dkt. No. 29-16 ("Zennamo Declaration") ¶ 3. One day earlier, Cory Zennamo, an assistant public defender in Oneida County, had been assigned to

represent Fox in the case. Id. ¶¶ 1–2. Zennamo represented Fox throughout the criminal proceedings, "including at trial and sentencing." Id. ¶ 4. Zennamo also filed pretrial motions, including a motion to suppress, and participated in Huntley and Mapp hearings. Dkt. Nos. 29-17 ("Exhibit A"), 29-18 ("Exhibit B"), 29-19 ("Exhibit C"), 29-20 ("Exhibit D").[1] Without the assistance of Zennamo, Fox filed his own motions in the case. Dkt. No. 29-24 ("Exhibit 5"). On April 5, 2012, after a two-day bench trial, Fox was found guilty on all counts. Dkt. No. 29-22 ("Exhibit E") at 145:13–25. On May 21, 2012, Fox received a ten-year sentence for his crimes, Dkt. No. 29-23 ("Exhibit F") at 5:3–14, and the Appellate Division of the New York Supreme Court, Fourth Department, affirmed Fox's conviction on January 2, 2015, People v. Fox, 999 N.Y.S.2d 293, 295 (App. Div. 2015).

Fox was not pleased with Zennamo's performance. Fox SMF ¶ 11. Specifically, Fox alleges that Zennamo "failed to call [Fox's] alibi witness to go to the Grand Jury" or the trial, id. ¶¶ 5, 8, "refused to allow [Fox] to review pretrial motions before he submitted them," id. ¶ 6, and "failed to preserve [d]iscovery in the form of dashcam footage that would have gotten the narcotics [Fox] was charged with suppressed and the case dismissed," id. ¶ 8. Fox has been pursuing an ineffective assistance of counsel claim stemming from Zennamo's representation; the Appellate Division, in affirming Fox's conviction, rejected that claim. Fox, 999 N.Y.S.2d

---

[1] A hearing under People v. Huntley, 204 N.E.2d 179 (N.Y. 1965), "is held to determine the voluntariness of inculpatory statements made by a criminal defendant to law enforcement officers," Torres v. Ercole, No. 06-CV-674, 2009 WL 4067281, at *1 n.2 (S.D.N.Y. Nov. 24, 2009). A hearing under Mapp v. Ohio, 367 U.S. 643 (1961), is held "when the defendant alleges that physical evidence sought to be used against him or her was obtained illegally by law enforcement officers and is inadmissible at trial," Cardova v. Lavalley, 123 F. Supp. 3d 387, 392 n.2 (E.D.N.Y. 2015) (quoting Montgomery v. Wood, 727 F. Supp. 2d 171, 186 (W.D.N.Y. 2010)).

at 294–95. Fox also sued Zennamo in the Northern District for depriving him of his constitutional rights and committing attorney malpractice, and this Court dismissed his complaint with prejudice on March 18, 2016. Fox v. Zennamo, No. 15-CV-587, 2016 WL 1090583, at *3 (N.D.N.Y. Mar. 18, 2016) (Kahn, J.).

Fox was incarcerated at the Oneida County Correctional Facility (the "Jail") from August 20, 2010, to March 1, 2011, and then from October 4, 2011, to June 1, 2012. Dkt. Nos. 29-4 ("Zurek Affidavit") ¶ 2, 29-15 ("Harris Affidavit") ¶ 3. Thus, Fox was incarcerated in the Jail from charging to sentencing for the crimes discussed above. The Jail usually "houses over 500 inmates and has one Corrections Service Aide assigned to its law library." Zurek Aff. ¶ 6; Harris Aff. ¶ 6. The Jail maintains a policy of both allowing inmates to "consult with counsel and making available legal reference materials." Zurek Aff. ¶ 5; Harris Aff. ¶ 5. Fox took advantage of the policy; he testified to having made requests for 300 to 400 cases during his time at the Jail. Dkt. No. 29-3 ("Fox Deposition") at 46:23–47:5. That is unsurprising, for Fox is a prolific litigant, having filed fourteen lawsuits in state court in 2011 and 2012 alone. Dkt. No. 29-25 ("Exhibit 6") at 1.

Sometime in late October or early November 2010, the law librarian at the Jail told Harris, one of the Jail's supervisors of inmate programs, Harris Aff. ¶ 2, that Fox was making "a large number of requests for [legal] materials," id. ¶ 9; Zurek Aff. ¶ 10. Harris informed Captain Liddy of Fox's behavior, and Liddy referred the matter to Lisa Zurek, another supervisor of inmate programs at the Jail. Zurek Aff. ¶¶ 1, 10; Harris Aff. ¶ 9. Zurek then asked Harris to tell her how many requests Fox had made, and on November 2, 2010, Harris told Zurek that Fox "had made over 100 requests, all of which had been honored." Zurek Aff. ¶ 10; Harris Aff. ¶ 9.

3

After receiving this information, Zurek informed Liddy that Fox's requests "contained at least 5 items per request." Zurek Aff. ¶ 10. On November 4, 2010, Liddy responded to Zurek by directing that Fox "be limited to one item per day with a maximum of 20 pages, 5 days per week." Id.; Harris Aff. ¶ 9.[2] The same day, Zurek informed Fox of the new restrictions. Zurek Aff. ¶ 10. Harris says she was "involved subsequently from time to time in regard to . . . Fox's law library usage," but stresses that she "never personally imposed restrictions" on Fox's access to legal materials. Harris Aff. ¶ 10.

Fox filed grievances about the restrictions on his access to legal materials. Zurek Aff. ¶¶ 11, 14. He now claims that but for these restrictions, he would have been able, during pretrial proceedings and the trial itself, to perform the research necessary to correct the deficiencies he saw in Zennamo's representation, namely, Zennamo's failure to make use of the alibi witness and obtain the dashcam footage. Resp. at 8–9. That, according to him, shows that he was denied access to the courts. Id.

**B. Procedural History**

Fox brought this case against defendants Edna P. Hobbie, Anne Lamont, Harris, Zurek, Liddy, and the Jail. Compl. at 3.[3] On May 25, 2015, Defendants filed an unopposed motion to dismiss, Dkt. No. 5 ("Motion to Dismiss"), which the Court granted in part and denied in part on

---

[2] Fox now says he was limited to "1 case law every 10 days," Fox SMF ¶ 18, but in his deposition he testified that he was restricted to one case per day, Fox Dep. at 44:20–45:5, 46:3–16. Fox cannot escape summary judgment via "self-serving statements . . . made in his opposition that contradict his sworn deposition testimony." Brown v. Russo, No. 15-CV-6215, 2016 WL 7410659, at *1 n.1 (E.D.N.Y. Dec. 22, 2016) (collecting cases).

[3] The page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

March 18, 2016, Fox v. Hobbie, No. 15-CV-616, 2016 WL 1090585, at *4 (N.D.N.Y. Mar. 18, 2016) (Kahn, J.). The Court dismissed all claims against Hobbie, Lamont, Zurek, Liddy, and the Jail. Id. On November 29, 2016, Harris, the sole remaining defendant, moved for summary judgment. Mot. She argues that Fox's access-to-the-courts claim fails because he has not demonstrated actual injury from the restrictions on his access to legal materials, and because his right of access to the courts during pretrial proceedings and the trial itself was satisfied by Zennamo's representation. Mem. at 4–7. Harris also argues that she is entitled to qualified immunity. Id. at 7–8.[4]

### III.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs courts to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991) ("Only when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted.").

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S.

---

[4] Fox continues to assert that Harris's Motion is untimely and should therefore be denied. Dkt. Nos. 38, 39. Yet as Judge Baxter noted on December 6, 2016, Harris's Motion was "timely filed before the extended deadline of 1/6/2017." Dkt. No. 31.

317, 323 (1986). Similarly, a party is entitled to summary judgment when the nonmoving party carries the ultimate burden of proof and has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

In attempting to repel a motion for summary judgment after the moving party has met its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). Thus, a court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994).

**IV.   DISCUSSION**

Prisoners "have a constitutional right of access to the courts." Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). This right, however, is not "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "The point is to provide prisoners with the tools" to present their claims to the courts. Bourdon, 386 F.3d at 93. Thus, "appointment of counsel can be a valid means of satisfying a prisoner's right of access to the courts." Id.; see also Perez v. Metro. Corr. Ctr. Warden, 5 F. Supp. 2d 208, 211 (S.D.N.Y. 1998) ("If an inmate is provided with legal counsel, the inmate is given a 'reasonably adequate opportunity' to present his claim and there is

no violation of constitutional . . . magnitude."), aff'd sub nom. Perez v. Metro. Corr. Ctr.'s Warden 181 F.3d 83 (2d Cir. 1999). Since Fox was represented by counsel during his criminal case, he cannot succeed on his access-to-the-courts claim unless he shows that "the provision of counsel did not furnish him with the *capability* of bringing his challenges before the courts, not that he was denied effective representation in the court." Bourdon, 386 F.3d at 98 (emphasis added); see also Hayes v. County of Sullivan, 853 F. Supp. 2d 400, 437 (S.D.N.Y. 2012) ("The Bourdon court explicitly declined to import the Sixth Amendment standard for ineffective assistance of counsel into its analysis.").

There is no evidence in the record that Fox lacked the ability to bring his challenges before the state trial court. Zennamo filed an omnibus pretrial motion and a motion to suppress in addition to participating in Mapp and Huntley hearings. Zennamo Decl. ¶ 5. The court in Hayes confronted a similar situation: the plaintiff's attorney had filed "a lengthy omnibus pre-trial motion, conducted two days of suppression hearings, and filed a supplemental affirmation in support of [his] suppression motion." 853 F. Supp. 2d at 437. Yet the Hayes court found it "abundantly clear" from the attorney's conduct that the plaintiff was not denied his right of access to the courts. Id. The Court sees no reason to depart from that conclusion here.

Fox was deeply dissatisfied with his lawyer's performance, but that is irrelevant to his access-to-the-courts claim given his inability to show that Zennamo was *incapable* of pursuing arguments Fox thought meritorious. See Bourdon, 386 F.3d at 99 ("[N]otwithstanding [the plaintiff's] allegation that his attorney was ineffective, the fact that [he] was represented by counsel—professional legal assistance provided at the government's expense—and that [he] has not demonstrated that he was hindered from pursuing a particular legal claim, established

7

constitutionally acceptable access to the courts."). Fox's main problem with Zennamo is that Zennamo failed to call an alibi witness and was unable to obtain crucial dashcam footage. Fox SMF ¶¶ 5–6, 8. In effect, Fox asserts that Zennamo "ineffectively represented" him. Id. ¶ 11. But Fox's "redress for his alleged ineffective assistance of counsel is through an ineffective assistance of counsel claim, not through an access to courts claim against [Harris,] who do[es] not have any [control over] legal counsel's performance." Bovarie v. Tilton, No. 06-CV-687, 2010 WL 743741, at *5 (S.D. Cal. Mar. 1, 2010); see also Johnson v. Doe, No. 12-CV-10918, 2016 WL 3997026, at *6 (E.D. Mich. July 26, 2016) (rejecting an access-to-the-courts claim because "[t]he basic cause of the plaintiff's failure to raise [certain] issues in state court was his attorney's election to omit them from counsel's brief; but for that choice, the issues certainly could have been raised in that filing, which was timely submitted in the state court"); Garrett v. Picknell, No. 09-CV-13958, 2010 WL 2805107, at *4 (E.D. Mich. May 6, 2010) (rejecting the plaintiff's argument that "the mere appointment of an attorney is not enough and that his constitutional right to access the court was not satisfied by the appointment of counsel in his criminal case because the counsel in that case failed to render effective legal assistance"), adopted by 2010 WL 2804929 (E.D. Mich. July 15, 2010).[5]

As noted above, Fox appears to be pursuing his ineffective assistance claim before other courts, and he should continue to do so if he remains dissatisfied with Zennamo's representation. But, to repeat, the ineffectiveness of a state-appointed attorney is not enough to raise a genuine

---

[5] To the extent that Fox asserts that Harris violated his right of access to the courts by denying him the ability to file his own motions concurrently with Zennamo's representation, that claim fails because Fox "has no federal constitutional right to represent himself and concurrently be represented by counsel." Foss v. Racette, No. 12-CV-59, 2012 WL 5949463, at *4 (W.D.N.Y. Nov. 28, 2012) (citing United States v. Edwards, 101 F.3d 17, 19 (2d Cir. 1996)).

issue of material fact as to an access-to-the-courts claim. Further, while Fox appears to assert that the Jail denied him access to his attorney "by not providing free legal calls and 5 free legal postage as required by New York State Commission of Corrections," Fox SMF ¶ 14, he has not provided any evidence of Harris's personal involvement in this alleged failure, a prerequisite for establishing her individual liability under § 1983, see Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994))). Accordingly, summary judgment is appropriate with respect to Fox's access-to-the-courts claim.[6]

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Harris's Motion for Summary Judgment (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 07, 2017
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[6] Because the Court disposes of Fox's claim on the ground that he was represented by counsel during the criminal proceedings, it need not reach Harris's arguments about actual injury and qualified immunity.

9